FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 1 5 2009

JAMES N. HATTEN, Clerk
By: Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF GEORGIA; SONNY PERDUE, Governor of the State of Georgia, in his official capacity only; B.J. WALKER, Commissioner, Georgia Department of Human Resources, in her official capacity only; GWENDOLYN SKINNER, Director, Georgia Division of Mental Health, Developmental Disabilities and Addictive Diseases, in her official capacity only; and SUSAN TRUEBLOOD, Administrator, Georgia Regional Hospital/Atlanta, in her official capacity only,<br><br>Defendants. | ) | CIVIL ACTION NO.<br>1 09-CV-0119<br><br>**COMPLAINT**<br><br>**CAP** |

PLAINTIFF, THE UNITED STATES OF AMERICA ("Plaintiff"), by its undersigned attorneys, hereby alleges upon information and belief:

1. The Attorney General files this Complaint on behalf of the United States of America pursuant to the Civil Rights of Institutionalized Persons Act,

42 U.S.C. § 1997 ("CRIPA"), to enjoin the named Defendants from depriving individuals housed at the Georgia Regional Hospital/Atlanta ("Hospital") of rights, privileges, or immunities secured or protected by the Constitution and laws of the United States.

JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345.

3. The United States is authorized to initiate this action pursuant to 42 U.S.C. § 1997a.

4. The Attorney General has certified that all pre-filing requirements specified in 42 U.S.C. § 1997b have been met. The Certificate of the Attorney General is appended to this Complaint and is incorporated herein.

5. Venue in the Northern District of Georgia is proper pursuant to 28 U.S.C. § 1391.

DEFENDANTS

6. Defendant State of Georgia ("State") owns and operates the Hospital, one of seven facilities across the State that house individuals with mental illness,

mental retardation or other developmental disabilities, and addictive diseases, and, as such, has responsibility for the protections, supports, services, and treatment provided to patients at the Hospital.

7. Defendant Sonny Perdue is the Governor of the State, and, in that capacity, he has responsibility for the operation of the Hospital. Governor Perdue is sued in his official capacity.

8. Defendant B.J. Walker is the Chief Executive Officer of the State's Department of Human Resources, and, in that capacity, exercises administrative control of, and responsibility for, the Hospital. Ms. Walker is sued in her official capacity.

9. Defendant Gwendolyn Skinner is the Director of the Division of Mental Health, Developmental Disabilities and Addictive Diseases, a part of the State's Department of Human Resources, and, in that capacity, exercises administrative control of, and responsibility for, the Hospital. Ms. Skinner is sued in her official capacity.

10. Defendant Susan Trueblood is the Regional Administrator for the Hospital, and is responsible for the administration and day-to-day operations of the Hospital. Ms. Trueblood is sued in her official capacity.

11. Defendants are legally responsible, in whole or in part, for the operation of, and conditions at, the Hospital, and for the health and safety of patients admitted to the Hospital.

12. Defendants are governmental authorities or agents thereof with responsibility for the administration of the Hospital within the meaning of 42 U.S.C. § 1997a.

13. At all relevant times, Defendants or their predecessors in office have acted or failed to act, as alleged herein, under color of state law.

## FACTUAL ALLEGATIONS

14. The Hospital is an institution within the meaning of 42 U.S.C. § 1997(1).

15. Individuals are confined to, or reside at, the Hospital because they have been determined by Defendants to have mental illness or mental retardation or other developmental disabilities requiring protections, supports, services, and treatment.

16. Defendants are obligated to operate the Hospital in a manner that does not infringe upon the federal rights, as protected by the Fourteenth Amendment to the Constitution of the United States and by other federal law, of the Hospital's patients.

17. The protections, supports, services, and treatment at the Hospital substantially depart from generally accepted professional standards of care and applicable federal law, thereby exposing the individuals residing there to significant risk of harm, and in some cases, to actual harm.

18. The protections, supports, services, and treatment at the Hospital substantially depart from generally accepted professional standards of care and applicable federal law in the following specific respects, among others:

    a. the provision of reasonably safe conditions, including protection from abuse, neglect, and other harm, so as to ensure the reasonable safety and personal security of the Hospital's patients;

    b. the provision of that level of training, including behavioral, habilitation, and skills training and other related programs and

activities, necessary to protect the Hospital's patients' liberty interests, including their right to treatment, and ensure their safety and freedom from undue or unreasonable restraint;

c. the provision of adequate mental health services to those patients in the Hospital with mental illness, including adequate psychological and psychiatric services;

d. the provision of adequate health care to the Hospital's patients, including adequate general and specialty medical and nursing services;

e. the provision of adequate nutritional and physical management to the Hospital's patients; and

f. the provision of adequate therapeutic services, including physical therapy, occupational therapy, speech therapy, and other forms of therapy.

19. Defendants are obligated to provide services, programs, and activities to the Hospital's patients consistent with the Americans with Disabilities Act of

1990 ("ADA") and implementing regulations. 42 U.S.C. § 2101 et seq., 28 C.F.R. Part 35.

20. Patients at the Hospital are "qualified individual[s] with a disability" under the ADA, 42 U.S.C. §§ 12101, 12131.

21. The State and the State Department of Human Resources are "public entities" under Title II of the ADA, 42 U.S.C. § 12131.

22. Defendants have failed to meet the requirements of the ADA by excluding the Hospital's patients, by reason of their disability, from participation in, or by denying them the benefits of, the services, programs, or activities in the most integrated setting appropriate to their needs.

23. Defendants have failed and are continuing to fail to ensure that patients at the Hospital are adequately evaluated for placement in the most integrated setting; that those individual patients whom professionals determine should be placed in community programs are placed in such programs, when appropriate; and that the Hospital's patients are served in the most integrated setting appropriate to each patient's individual needs.

24. Defendants have engaged, and continue to engage, in a pattern or practice of failing to ensure that eligible patients with disabilities at the Hospital receive adequate education and special education services.

25. Defendants have engaged, and continue to engage, in a pattern or practice of failing to take reasonable steps to ensure that patients with limited English proficiency are provided with meaningful access to programs and services.

26. Defendants receive federal financial assistance and, as such, are subject to: (A) Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000d, et seq., and the regulations promulgated thereunder; (B) Title XVIII and Title XIX of the Social Security Act, 42 U.S.C. §§ 1395 and 1396 et seq., and the regulations promulgated thereunder; and (C) the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1482, and the regulations promulgated thereunder.

27. The patients residing at the Hospital include patients with mental illnesses and other disabilities who fall within the meaning of "children with disabilities" as defined in the Individuals with Disabilities Education Act, 20 U.S.C. § 1401(3)(a)(1).

# VIOLATIONS ALLEGED

## Count One
## Violations of the Due Process Protections of the Fourteenth Amendment to the United States Constitution

28. The United States incorporates by reference the allegations set forth in Paragraphs 1 through 27, as if fully set forth herein.

29. The acts and omissions alleged in Paragraphs 17, 18, and 22-27 constitute a pattern or practice and infringe upon the Hospital's patients' legal rights and substantive liberty interests and constitute resistance to their full enjoyment of their rights, privileges, or immunities secured or protected by the Fourteenth Amendment to the Constitution of the United States, and deprive the Hospital's patients of such rights, privileges, or immunities.

30. Unless restrained by this Court, Defendants will continue to engage in the pattern or practice of acts and omissions set forth in Paragraphs 17, 18, and 22-27 that deprive patients in the Hospital of rights, privileges, or immunities secured or protected by the Constitution of the United States.

Count Two
Violation of Title XVIII and Title XIX of the Social Security Act

31. The United States incorporates by reference the allegations set forth in Paragraphs 1 through 27, as if fully set forth herein.

32. The acts, practices, and omissions alleged in Paragraphs 17-18 violate Title XVIII and Title XIX of the Social Security Act and the regulations promulgated thereunder. 42 U.S.C. §§ 1395 and 1396 et seq..

33. Unless restrained by this Court, Defendants will continue to engage in the acts, practices, and omissions set forth in Paragraphs 17-18 that deprive patients in the Hospital of rights, privileges, or immunities secured or protected by federal law.

Count Three
Violation of the Americans With Disabilities Act

34. The United States incorporates by reference the allegations set forth in Paragraphs 1 through 27, as if fully set forth herein.

35. The acts, practices, and omissions alleged in Paragraphs 22 and 23 violate the Americans with Disabilities Act and its implementing regulations. 42 U.S.C. § 12101 et seq., 28 C.F.R. Part 35.

36. Unless restrained by this Court, Defendants will continue to engage in the acts, practices, and omissions set forth in Paragraphs 22 and 23 that deprive patients in the Hospital of rights, privileges, or immunities secured or protected by federal law.

Count Four
Violation of the Individuals with Disabilities Education Act

37. The United States incorporates by reference the allegations set forth in Paragraphs 1 through 27, as if fully set forth herein.

38. The acts, practices, and omissions alleged in Paragraphs 24 and 26-27 violate the Individuals with Disabilities Education Act and its implementing regulations. 20 U.S.C. §§ 1400-1482.

39. Unless restrained by this Court, Defendants will continue to engage in the acts, practices, and omissions set forth in Paragraphs 24 and 26-27 that deprive patients in the Hospital of rights, privileges, or immunities secured or protected by federal law.

Count Five
Violation of Title VI of the Civil Rights Act of 1964

40. The United States incorporates by reference the allegations set forth in Paragraphs 1 through 27, as if fully set forth herein.

41. The acts, practices, and omissions alleged in Paragraphs 25-26 violate Title VI of the Civil Rights Act of 1964, as amended, and the regulations promulgated thereunder. 42 U.S.C. § 2000d, et seq.

42. Unless restrained by this Court, Defendants will continue to engage in the acts, practices, and omissions set forth in Paragraphs 25-26 that deprive patients in the Hospital of rights, privileges, or immunities secured or protected by federal law.

PRAYER FOR RELIEF

43. The Attorney General is authorized under 42 U.S.C. § 1997 to seek equitable and declaratory relief.

WHEREFORE, the United States of America respectfully requests that this Court:

a. Permanently enjoin Defendants, their officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with them from continuing the acts and omissions set forth in Paragraphs 17, 18, and 22-25 above, and require Defendants to take such actions as will bring Defendants into compliance with federal law and ensure that adequate protections, supports, services, and treatment are afforded to the Hospital's patients; and

b. Grant such other and further equitable relief as the Court may deem just and proper.

Respectfully submitted,

MICHAEL B. MUKASEY
Attorney General of the United States

SALLY Q. YATES
Acting United States Attorney
Northern District of Georgia

AMY L. BERNE [GA Bar 006670]
Assistant United States Attorney
Northern District of Georgia
600 United States Courthouse
75 Spring Street, SW
Atlanta, GA 30303
Tel: (404) 581-6261
Fax: (404) 581-6163
Email: Amy.Berne@usdoj.gov

GRACE CHUNG BECKER
Acting Assistant Attorney General
Civil Rights Division

SHANETTA Y. CUTLAR [CA Bar 169849]
Chief
Special Litigation Section

JUDY C. PRESTON [MD Bar (No #)]
Deputy Chief
Special Litigation Section

DAVID DEUTSCH [DC Bar 248120]
MARY R. BOHAN [DC Bar 420628]
TIMOTHY D. MYGATT [PA Bar 90403]
AMIN AMINFAR [NC Bar 36589]
Attorneys
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
Tel: (202) 514-6255
Fax: (202) 514-0212
Email: Timothy.Mygatt@usdoj.gov

Office of the Attorney General
Washington, D. C. 20530

CERTIFICATE OF THE ATTORNEY GENERAL

I, MICHAEL B. MUKASEY, Attorney General of the United States, certify that with regard to the foregoing Complaint, United States v. Georgia, et al., I have complied with all subsections of 42 U.S.C. § 1997b(a)(1). I certify as well that I have complied with all subsections of 42 U.S.C. § 1997b(a)(2). I further certify, pursuant to 42 U.S.C. § 1997b(a)(3), my belief that this action by the United States is of general public importance and will materially further the vindication of rights, privileges, or immunities secured or protected by the Constitution and laws of the United States.

In addition, I certify that I have the "reasonable cause to believe," set forth in 42 U.S.C. § 1997a, to initiate this action, and that all statutory prerequisites to the initiation of this suit have been met.

Pursuant to 42 U.S.C. § 1997a(c), I have personally signed the foregoing Complaint. Pursuant to 42 U.S.C. § 1997b(b), I am personally signing this Certificate.

Signed this 12th day of Jan, 2009, at Washington, D.C.

MICHAEL B. MUKASEY
Attorney General of the United States

42 U.S.C. § 1997